Dear Mr. Ponder:
Your letter, requesting an Attorney General Opinion regarding military leave for firefighters under LSA-R.S. 42:394, has been forwarded to me for response.
In your request, you advise that the Baton Rouge City Fire Department's current policy recognizes the fifteen days of paid military leave provided in LSA-R.S. 42:394, but charges two such days to firefighters who work a 24-hour shift from 7:00 a.m. to 7:00 a.m. the following day. You seek clarification from this office as to whether or not the Fire Department's policy complies with LSA-R.S. 42:394. You have enclosed a copy of the Fire Department's "Military Leave" policy, which reads:
 SECTION 5.5 MILITARY LEAVE
 (A) All employees who are members of the active reserve of the Army of the United States or the National Guard of the United States or the active Naval Reserve, or the active Marine Corps Reserve shall be entitled to leave of absence from their respective duties without loss of pay, time, annual time, or all days during which they shall be ordered to duty with troops at field exercises, or for instructions, for a period not to exceed fifteen (15) calendar days in any one calendar year.
 (B) Fifteen (15) calendar days shall be granted to the employee. Only days on which the employee would be scheduled to work shall reduce the available leave herein. For example, if a scheduled shift extends into two (2) calendar days such as a shift from 7:00 a.m. to 7:00 a.m., then employee shall be deemed to have taken two (2) calendar days of leave.
You also cite a previous Attorney General Opinion, 92-60, which addressed the issue of whether LSA-R.S. 42:394 should be measured in "calendar days" or "working days." As you correctly point out, Opinion 92-60 concluded that the fifteen military days granted by LSA-R.S. 42:394
are "calendar days." Opinion 92-60 recognized that a "calendar day" is a 24-hour unit of time that runs from midnight to midnight. In other words, a calendar day can only contain 24 hours, and cannot overlap with another calendar day.
Federal law (38 U.S.C. § 4301 et seq. The Uniformed Services Employment and Reemployment Rights Act, or USERRA) contains broad employment protections for employees serving in the uniformed services. One provision of USERRA is the requirement that an employer, public or private, allow an employee an un-paid absence from employment in which to perform service in the uniformed services.
Louisiana has enacted a similar statutory scheme to protect Reservists and Guardsmen in its Military Service Relief Act (LSA-R.S. 29:401 et seq.). The Military Service Relief Act tracks in many respects, and provides greater protections in other respects, the federal law USERRA. Enclosed is a recent opinion, Opinion 01-180, which compares USERRA to the Military Service Relief Act.
By granting paid military leave of fifteen days for "All officers and employees of the state, or of any parish, city, town, political subdivision, unit, or any state institution thereof " to perform service in the uniformed services, Louisiana exceeds the USERRA requirement that an employee be allowed an un-paid absence from employment. LSA-R.S.42:394. Reservists typically perform fifteen calendar days of annual training every calendar year. Thus, by granting fifteen days of paid military leave, the apparent intent of the Legislature was to support public officers and employees for the typical length of duty that a Reservist or Guardsman performs each calendar year.
Opinion 92-60 concluded that LSA-R.S. 42:394 contemplates "calendar days." When a firefighter works a 24-hour shift from 7:00 a.m. to 7:00 a.m., he has worked on two calendar days. Thus, when he is unavailable to work a 24-hour shift from 7:00 a.m. to 7:00 a.m., he is unavailable for two calendar days. As explained by Fire Chief Robin Hurst of the Baton Rouge Fire Department, a Baton Rouge firefighter typically works six 24-hour shifts from 7:00 a.m. to 7:00 a.m. over the course of two weeks. Therefore, that firefighter would be charged for twelve calendar days of military leave to perform the typical fifteen days of annual training, leaving three additional days of military leave to be utilized for any other military duty arising throughout the year, which conflicts with the firefighter's work schedule.
It is the opinion of this office that the Baton Rouge Fire Department's policy of charging a day of military leave for every calendar day on which a firefighter is unavailable for duty does not violate the express requirement of LSA-R.S. 42:394 that public officers and employees be granted "fifteen days" of military leave. Nor does the policy violate the apparent intent of the Legislature that the fifteen days granted by LSA-R.S. 42:394 encompass the typical fifteen-day period of annual training.
One apparent deficiency with the policy as written is that the policy does not list all the eligible services contained in LSA-R.S. 42:394. While the policy, in section A, does list the Army Reserve, National Guard, Naval Reserve, and Marine Corps Reserve, the policy fails to list the Air Force Reserve, the Citizens Military Training Corps, and the Civil Air Patrol. We suggest a complete listing of all eligible services in the military leave policy.
I trust this adequately responds to your inquiry. Feel free to contact this office should you require further assistance in the future.
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: THOMAS L. ENRIGHT, JR. Assistant Attorney General
RPI/TLE:dsc
OPINION NUMBER 92-60
RELEASED JUNE 2, 1992
64-b — MILITARY DEPARTMENT R.S. 42:394
In Military leave of absence provision, giving 15 days of leave during any one calendar year, "days" interpreted to mean "calendar days" and not "work shifts.'
Ms. Dawn Guillot Assistant Parish Attorney City of Baton Rouge Parish of East Baton Rouge P.O. Box 1471 Baton Rouge, LA 70821